UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: NATHANAEL ABRON

    Debtor.

Case Number: 13-48586
Chapter 13
Judge MCIVOR

_____/

NATHANAEL ABRON
Plaintiff,

v.

Adversary Case No. 13-

GREEN TREE SERVICING, LLC AS AGENT
FOR GMAC MORTGAGE, LLC, AND
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. ("MERS"), AND ALL ASSIGNS,

Jointly and Severally,

Defendants.
_____/

## COMPLAINT TO DETERMINE THE EXTENT OF THE LIEN OF GREEN TREE SERVICING, LLC AS AGENT FOR GMAC MORTGAGE, LLC, AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), AND ALL ASSIGNS

Now comes Plaintiff herein, Nathanael Abron, by and through Counsel, Acclaim Legal Services, PLLC, and moves this Honorable Court as follows:

1. Jurisdiction of this matter is conferred on the court by 28 U.S.C. 1334(b).
2. This is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(K).
3. Venue is proper pursuant to 28 U.S.C. 1409(b).
4. Plaintiff filed a Chapter 13 Petition on April 26, 2013.
5. A Chapter 13 Plan was filed which proposed to strip the lien of GREEN TREE SERVICING, LLC AS AGENT FOR GMAC MORTGAGE, LLC,, AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), AND ALL ASSIGNS (hereinafter "Defendants") from the collateral commonly known as 7136 Belle Pointe Dr., Belleville MI 48111, treating its claim as wholly unsecured.
6. Bank of America, NA has a first priority mortgage on the property.
7. Defendants have a second priority lien on the above described real property, represented by a mortgage in the face amount of $70,900.00, dated June 30, 2007, and recorded August 15, 2007, at Liber 46580, Pages 284-289, in the Wayne County Register of Deeds.

8. That 11 U.S.C. 506(a) allows a creditor to have a secured claim to the extent of the value of its interest in the estate's interest in the property, and an unsecured claim to the extent that its interest is less than the amount of its allowed secured claim.

9. The value of the Plaintiff's interest in the collateral is approximately $ 110,000.00. (See Plaintiff's schedule A, incorporated herein by reference).

10. The interest of the first mortgagee is approximately $ 127,501.00 (See Plaintiff's schedule D, incorporated herein by reference).

11. There is no remaining interest in the estate's interest in the property to which the second priority lien of Defendants can attach.

**WHEREFORE** The Plaintiff prays that this Court enter an Order as follows:

A. That a mortgage in the face amount of $70,900.00, dated June 30, 2007, and recorded August 15, 2007, at Liber 46580, Pages 284-289, in the Wayne County Register of Deeds shall be stripped and discharged from the following described premises:

> Land situated in the State of Michigan, County of Wayne, City of Belleville:
>
> UNIT 66, OF BELLE POINTE ESTATES CONDOMINIUM, ACCORDING TO THE MASTER DEED RECORDED IN LIBER 27582, PAGE 855 THROUGH 902, INCLUSIVE, WAYNE COUNTY RECORDS AND DESIGNATED AS WAYNE COUNTY CONDOMINIUM SUBDIVISION PLAN NO 374, TOGETHER WITH FULL RIGHTS IN GENERAL COMMON ELEMENTS AND LIMITED COMMMON ELEMENTS, AS SET FORTH IN THE ABOVE DESCRIBED MASTER DEED IN ACT 59 OF THE PUBLIC ACTS OF 1978, AS AMENDED.
>
> Commonly known as: 7136 Belle Pointe Dr., Belleville MI 48111
>
> Tax ID: 83-011-02-006-000

B. That upon discharge of the Plaintiff's bankruptcy case, the Defendants or subsequent assignee shall comply with L.B.R. 2015-5(a)(3)(A)(E.D.M.) and provide to the Plaintiff a release, termination statement, discharge of mortgage, or other appropriate certificate suitable for recording.

C. That upon discharge of the Plaintiff's bankruptcy case, the Order to Determine the Extent of a Lien Concerning Real Property may be recorded with the Register of Deeds to discharge the mortgage and release the lien held by Defendants in the face amount of $70,900.00, dated June 30, 2007, and recorded August 15, 2007, at Liber 46580, Pages 284-289, in the Wayne County Register of Deeds.

D.  That if the Plaintiff fails to complete the Chapter 13 plan and obtain a Chapter 13 discharge order in the bankruptcy case, this Order does not affect the validity or enforceability of the Mortgage and may not be used in any subsequent bankruptcy case of the Plaintiff either to compel the holder of the Mortgage to execute a discharge of the Mortgage, or to otherwise act as a discharge of the Mortgage.

Dated: MAY 1, 2013

/s/ William D. Johnson
William D. Johnson (P54823)
Attorney for Plaintiffs/Debtors
Acclaim Legal Services, PLLC
8900 E. 13 Mile Rd.
Warren, MI 48093
248-443-7033
filing@acclaimlegalservices.com